IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


TERRY E. SEARS,
    Plaintiff,

vs.                                    Case No.: 5:06cv171/RS/EMT

MICHAEL W. MOORE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10). The filing fee has been paid.

    Because Plaintiff is an inmate seeking redress from a governmental entity or officer or employee of a governmental entity, the court is required to dismiss the case at any time if it determines that the complaint is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A. A complaint is frivolous under section 1915A "where it lacks an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," see id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of

facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff names eleven Defendants in this action:  James McDonough, Secretary of the Florida Department of Corrections (DOC); James Crosby and Michael Moore, two predecessors of Secretary McDonough; Richard Dugger, Deputy Secretary; Z. Culpepper and J. Greene, representatives of the Secretary's office; Lou Vargas, General Counsel for the DOC; Fred Schuknecht, Inspector General; Jerry Vaughan, Director of Institutions; B.C. Davis, Warden of Jackson Correctional Institution (JCI); and Buddy Kent, Assistant Warden at JCI (Doc. 10 at 1, 2). Plaintiff alleges that since October of 1999, the DOC enforced an official policy against him, specifically, Rule 33.501.302 of the Florida Administrative Code, that established a fee of $.15 per page for photocopying services and authorized deductions from and the imposition of liens upon inmate accounts for payment of the fee (*id*. at 7).  Plaintiff states that in May of 2005, a state appellate court declared the administrative rule invalid because it was not supported by specific legislative authority (*id*.) (citing Smith v. Fla. Dep't of Corrections, 920 So. 2d 638 (2005)).  As a result of the decision, the DOC removed liens for photocopying fees from the accounts of indigent inmates; however, the DOC did not reimburse solvent inmates for fees already collected from them (*id*.).

Plaintiff alleges that he filed grievances seeking reimbursement of all of the photocopying fees collected from him, but Assistant Warden Kent and Warden Davis denied the grievance (*id*.). Plaintiff appealed the warden's decision to the Secretary's office, but Defendants Culpepper and Greene denied the appeal (*id.*).  Plaintiff alleges that Defendants Vaughan, Schuknecht, Dugger, and Vargas were in official positions to rectify the inequity, but they condoned the alleged constitutional violation (*id*.).  He alleges Secretary McDonough and former Secretaries Moore and Crosby knew of the alleged constitutional violation and failed to remedy the situation (*id*.).

Plaintiff claims that the assessment and collection of copying fees prior to the Smith decision, and the refusal to reimburse him for fees collected prior to Smith, constitute cruel and unusual punishment in violation of the Eighth Amendment (*id*. at 7i, 8).  Additionally, he claims he was denied procedural and substantive due process guaranteed by the Fourteenth Amendment (*id*.

at 8).  He also claims that Defendants' application of Smith violated his equal protection rights because Defendants removed liens from indigent inmates' accounts but refused to reimburse him for fees already collected (*id*. at 7i).  Finally, Plaintiff claims that Defendants' failure to provide photocopies free of charge denied him access to the courts (*id*. at 7i-7ii).  As relief, Plaintiff seeks compensatory and punitive damages, as well as costs (*id*. at 8).

The facts alleged by Plaintiff fail to state an Eighth Amendment claim.  As Plaintiff was previously advised by this court, the Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).  Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions.  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).  The challenged condition must be "extreme."  *Id.* at 9, 112 S. Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481.  Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement].  It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482.  The Eighth Amendment thus guarantees that

prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289-90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. at 1982-83.

Chandler, 379 F.3d at 1289-90.

In the instant case, Plaintiff cannot satisfy the objective component of the Eighth Amendment standard. Under no set of facts can he establish that the assessment and collection of copying fees prior to the Smith decision, or the refusal to reimburse him for fees collected after Smith, poses an unreasonable risk of serious damage to his future health or safety. Therefore, his Eighth Amendment claim should be dismissed.

Additionally, Plaintiff has failed to state a claim of denial of access to the courts. Plaintiff contends that courts interpreting the Supreme Court decision in Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977) have suggested that inmates have a constitutional right to free photocopying services. In Bounds, the Supreme Court held that the constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. at 828. The Court noted that its previous decisions imposed affirmative

obligations on the state to provide, at state expense, "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 825. However, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L. Ed. 2d 606 (1996). The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354-55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

Neither the Supreme Court nor the Eleventh Circuit has recognized an inmate's right to receive photocopying services free of charge where an inmate has sufficient funds to pay for the services. Indeed, the Eleventh Circuit has held that the constitutional right of access to the court does not encompass a requirement that prison officials provide a prisoner with free, unlimited access to photocopies. *See* Wanniger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (although there might be some circumstances in which prison officials might be required to provide photocopying services in order to preserve a prisoner's access to the courts, there was no support in the record for the contention that jail officials abridged the prisoner's constitutional rights when they refused to provide him with free photocopies of federal and state legal precedents to allow him to prepare for evidentiary hearing in motion for post-conviction relief); *see also* Miller v. Donald, 132 Fed. Appx.

Case No: 5:06cv171/RS/EMT

270, 272 (11th Cir. 2005) (prison officials did not deny inmate his right to access the courts when they refused his request that they provide him with free photocopies of legal documents he was allegedly required to serve on defendants in a civil rights action before a California federal court, and thus, sua sponte dismissal of the inmate's § 1983 complaint as frivolous was not erroneous; the inmate failed to allege the California court would not accept service of, or that the inmate was unable to produce, hand-copied duplicates).

In the instant case, Plaintiff complains that he was required to pay for photocopies of legal documents, but he does not allege he was unable to obtain them. Thus, he cannot show he was actually harmed or prejudiced with respect to any litigation in which he was involved. Because Plaintiff has failed to show that he has a constitutional right to free photocopying services when he had the funds to pay for such services, or that he was prejudiced by Defendants' failure to provide free photocopying services, his access to courts claim should be dismissed.

Plaintiff has likewise failed to state a due process claim. The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. Plaintiff alleges that Defendants deprived him of a property interest in the funds in his inmate account. Although Plaintiff is correct that he has a protected property interest in the funds in his account, he cannot show that he was deprived of such property without due process of law. The fact that he was required to pay $.15 in exchange for each photocopy he received does not constitute a deprivation of property, especially in light of the fact that Plaintiff has failed to establish a constitutional right to receive free photocopying services for inmates who have the funds to pay for the services. To the extent Plaintiff contends that the Smith decision created a right to receive free copies, he misinterprets that decision. Smith held only that the DOC policy establishing the amount to be charged for photocopies and authorizing deductions from and liens imposed upon inmate accounts to cover incurred costs of such charges had no specific legislative authority. The case did not hold that inmates are entitled to free photocopies. Therefore, Plaintiff has failed to state a due process claim.

Additionally, Plaintiff has failed to state a violation of the Equal Protection Clause. The central mandate of the Equal Protection Clause is that the government must treat similarly situated people in a similar manner. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct.

Case No: 5:06cv171/RS/EMT

3249, 3254, 87 L. Ed. 2d 313 (1985). "Different treatment of dissimilarly situated persons does not violate the equal protection clause." E&T Realty v. Strickland, 830 F.2d 1107, 1109 (11th Cir. 1987). Thus, the Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all <u>relevant</u> respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992) (emphasis added).

In the instant case, Plaintiff alleges that Defendants discriminated against him by removing liens from indigent inmates' accounts for photocopying services received in the past, but refusing to reimburse him for photocopying fees he paid. To state a claim for an equal protection violation based on the unequal administration of neutral statutes and policies, Plaintiff must show 1) that he is similarly situated to others who received different treatment, and 2) that the different treatment was motivated by a discriminatory purpose. Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E & T Realty, 830 F.2d at 1112-13. Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment. *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses).

Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty, 830 F.2d at 1113. There must be intentional discrimination: "[m]ere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause." E & T Realty, 830 F.2d at 1114. "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group." *Id.* (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or

assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998) (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff asserts that Defendants applied Smith in a discriminatory manner by removing liens for photocopies from indigent inmates' accounts but refusing to reimburse Plaintiff and other solvent inmates for photocopying fees already collected. However, Plaintiff concedes that he was not similarly situated to indigent inmates because he did not have any liens on his account. Furthermore, Plaintiff's allegation of discriminatory intent is conclusory; he alleges no facts that suggest Defendants removed liens from indigent inmates' accounts and refused to reimburse solvent inmates even in part because of the adverse effects of this action upon solvent inmates. Therefore, Plaintiff's equal protection claim should be dismissed.

Finally, Plaintiff is not entitled to the relief he seeks. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff

may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege he suffered any physical injury arising from Defendants' actions. Because the PLRA forbids the litigation of this lawsuit while Plaintiff is imprisoned, there is no valid legal basis for Plaintiff's claims for compensatory and punitive damages.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 15th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**